UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Criminal Case No.  22-cr-224-WJM-1

UNITED STATES OF AMERICA,

v.

1. JONATHAN AVILA,

Defendant.

_____

**FOURTH UNOPPOSED MOTION FOR ENDS OF JUSTICE EXCLUSION OF TIME**
_____

Mr. Avila, by and through counsel, Rebecca Briggs, hereby moves this Court for an Order to exclude an additional 120 days from the Speedy Trial Act computations, and in support thereof, states as follows:

## PROCEDURAL HISTORY

1. On July 13th, 2022, the indictment was filed against Mr. Avila. Mr. Avila made an initial appearance on August 2nd, 2022, and on August 3rd, 2022 was released on pretrial detention and ordered to comply with numerous conditions while at liberty. Mr. Avila is in compliance with all terms and conditions of his release.

2. The case is currently set for a 4-day jury trial, scheduled to begin on January 16th, 2024. This court has already granted three separate EOJ requests from the Defense.

3. Undersigned Counsel has requested funding from this court to secure the assistance of an immigration expert, and has now located one. In addition, Counsel has been in

communication with Mr. Avila's other attorneys, in an attempt to negotiate a suitable disposition. A recent change in counsel on Mr. Avila's immigration case has created an unexpected delay.

4. The Defense continues to engage in settlement negotiations with the Government. The Defense remains highly confident that, upon some additional consultation with Mr. Avila's immigration counsel and other experts, the Defense *will* enter into a plea agreement with the government. The Defense requires additional time to research the issue properly and advise Mr. Avila accurately.

## LAW REGARDING REQUESTS FOR CONTINUANCES

5. This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a

conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act.  *See id.* at 1271-72.

6. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

7. Mr. Avila's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

8. An additional 120 days will provide sufficient time to research the potential resolution, consult with immigration attorneys and experts, and iron out the proposed disposition that the parties envision.

9. The request for a continuance in this case also satisfies the factors set forth in *United States v. West*, *supra*.

10. First, defense counsel has been diligent in the timeliness of this request.

11. Second, it is very likely that this continuance would accomplish the underlying purpose of this request.

12. Third, this request will not inconvenience the opposing party or its witnesses. Assistant United States Attorney Laura Cramer-Babycz has been consulted and states she does not oppose this motion.

13. The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. Because Mr. Avila is free on bond, he will not suffer prejudice by spending additional time in custody.

14. Mr. Avila understands the need for this request and represents to Counsel that he has no objections whatsoever.

WHEREFORE, counsel respectfully requests that 120 days be excluded from the Speedy Trial Act calculation in this matter, and any other relief the court feels is appropriate.

DATED this 5th day of December, 2023.

*/s/ Rebecca Briggs*

Attorney for Defendant
The Law Office of Becky Briggs,
503 N. Main St. #300,   Pueblo, CO 81003
(434) 989-0847
beckybriggslaw@gmail.com

## CERTIFICATE OF SERVICE

I certify that on this 5th day of December 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

*/s/ Rebecca Briggs*
Attorney for Defendant