IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 22-cr-00224-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JONATHAN AVILA,

    Defendant.

## PLEA AGREEMENT

The United States of America (the government), by and through Laura Cramer-Babycz, Assistant United States Attorney for the District of Colorado, and the defendant, Jonathan Avila, personally and by counsel, Becky Briggs, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I. AGREEMENT

#### A. Defendant's Plea of Guilty

The defendant agrees to

(1)     plead guilty to Count 4 of the Indictment charging a violation of 18 U.S.C. § 922(k);

(2)     waive certain appellate and collateral attack rights, as explained in detail below; and

(3)     agree not to contest forfeiture as more fully described below.

Court Exhibit

1

## B. Government's Obligations

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A) and (B). The government agrees not to bring other charges against the defendant based on information currently known to the United States Attorney's Office, District of Colorado, and to recommend a sentence at the low end of the applicable Sentencing Guidelines for the criminal history and a total offense level calculated by the Court at sentencing. The government further agrees move to dismiss Counts 1, 2, and 3 of the Indictment with prejudice. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment. The parties understand that this agreement is not binding on the Court.

Provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a), and agrees to file a motion requesting that the defendant receive a one level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b).

## C. Defendant's Waiver of Appeal

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in

connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statute of conviction, 18 U.S.C. § 922(k);

(2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 15; or

(3) the government appeals the sentence imposed.

If the first criterion applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of

supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

### D. Forfeiture of assets

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere. The assets to be forfeited specifically include, but are not limited to: Smith & Wesson model SW9VE, 9mm Luger caliber semiautomatic pistol with obliterated serial number; and all recovered ammunition. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the

time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

## II.   ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of possession of a firearm with an obliterated serial number are as follows:

### Count Four:  18 U.S.C. § 922(k)

*First*: the defendant knowingly possessed a firearm;

*Second*: the serial number of the firearm had been removed, altered, or obliterated;

*Third*: the defendant knew that the serial number had been removed, altered, or obliterated; and

*Fourth*: before the defendant possessed the firearm, the firearm had moved at some time from one state to another.

## III.   STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of 4 of the Indictment are: not more than 5 years' imprisonment; maximum term of supervised release 3 years; maximum fine $250,000; and $100 mandatory victim's fund assessment fee.  There is no restitution in this case.

## IV.   COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.  If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the

United States, or confined indefinitely if there is no country to which the defendant may be deported, denied future admission into the United States, and/or to be denied citizenship.

## V. STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree the government would be able to prove the following facts at trial.

On April 30, 2022, a confidential informant ("CI") working with the Federal Bureau of Investigation ("FBI") called Jonathan Avila. Mr. Avila had previously indicated that he had a Smith & Wesson that he would sell to the CI. On that particular day, Mr. Avila asked the CI if the CI was still interested in purchasing the Smith & Wesson. Mr. Avila then sent a text message to Mr. Avila that contained the address of Mr. Avila's residence.

Upon arriving at Mr. Avila's residence, Mr. Avila took the CI into the kitchen. In

the kitchen, Mr. Avila agreed to sell the CI the firearm for $500. Mr. Avila took the firearm—a Smith & Wesson model SW9VE, 9mm Luger caliber semiautomatic pistol loaded with 10 rounds—out of a hiding space near the refrigerator. Mr. Avila showed the handgun to the CI and then used a small knife to scratch off the serial number.

The Smith & Wesson model SW9VE is a firearm within the meaning of 18 U.S.C. § 921(a)(3), but does not satisfy the definition of firearm found in 26 U.S.C. § 5845(a). The parties stipulate that the firearm functioned as designed. The parties further stipulate that the firearm was not manufactured in Colorado, and, therefore, must have traveled in/and or affected interstate commerce. The above-described conduct occurred in the State and District of Colorado.

### Additional Relevant Conduct

The government asserts that there is sufficient evidence to prove, by a preponderance of the evidence, that Mr. Avila is an alien who was illegally or unlawfully in the United States on April 30, 2022, and that Mr. Avila knew he was an alien illegally or unlawfully in the United States at that time.[1]

## VI.   ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States

---

[1] Mr. Avila disputes these facts.

Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

      a)    The government asserts that, under Section 2K2.1(a)(6), the base offense level is 14. The defendant asserts that, under Section 2K2.1(a)(7), the base offense level is 12.

      b)    The government asserts that, under Section 2K2.1(b)(4), the offense level is increased by 4 because the firearm had an obliterated serial number. The defendant asserts that no specific offense characteristics apply.

      c)    There are no victim-related, role-in-offense, obstruction, grouping, or multiple-count adjustments.

      d)    According to the government's calculation, the adjusted offense level is 18. According to the defendant's calculation, the adjusted offense level is 12.

      e)    The parties agree that the defendant should receive a two-level decrease for acceptance of responsibility under Section 3E1.1(a). Because, according to the government's calculation, the offense level is 18, the government agrees that a further one-level reduction for acceptance of responsibility under Section 3E1.1(b). According to the government's calculation, the resulting total offense level is 15. According to the defendant's calculation, the resulting total offense level is 10.

      f)    The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history category I.

g) The career offender/criminal livelihood/armed career criminal adjustments do not apply.

h) The advisory guideline range resulting from the government's calculation is 18 – 24 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level of 15 could conceivably result in a range from 18 months (bottom of Category I) to 51 months (top of Category VI).

The advisory guideline range resulting from the defendant's calculation is 6 – 12 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level of 10 could conceivably result in a range from 6 months (bottom of Category I) to 30 months (top of Category VI).

The guideline range for either calculation would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

i) Pursuant to guideline § 5E1.2, if the offense level is 15, the fine range for this offense would be $7,500 to $75,000, plus applicable interest and penalties. If the offense level is 10, the fine range for this offense would be $4,000 to $40,000.

j) Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term shall be at least one year but not more than three years.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII. ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 4·23·24

Jonathan Avila
Defendant

Date: 4-23-24

Becky Briggs
Attorney for Defendant

Date: 4/23/24

Laura Cramer-Babycz
Assistant U.S. Attorney